532 S.E.2d 286

**In the Matter of James Carroll BRYANT, Respondent.**

**No. 25129.**

Supreme Court of South Carolina.

Submitted April 11, 2000.

Decided May 15, 2000.

James Carroll Bryant, of Montmorenci, pro se.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an agreement under Rule 21, Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of six months and one day.[1] We accept the agreement.

The facts in the agreement are as follows:

### Matter 1

Respondent was retained by a couple for representation in a domestic matter concerning the custody of two minor children from the husband's prior marriage. The husband's former wife, who had custody of the children, resided in Georgia. The couple's purpose in retaining respondent was to change the custody of the two children to joint custody. Respondent accepted a fee of $420 from the couple in exchange for his legal services.

Respondent prepared a Summons and Complaint regarding the custody issues. Respondent mailed the Summons and Complaint to the husband's former wife in Georgia. After completion of the pleadings, the couple found that respondent became increasingly difficult to reach, until he eventually ceased to respond to their attempts to contact him. As a result of respondent's unavailability, the couple was unable to expeditiously pursue the litigation in accordance with their interests.

The couple subsequently sent a letter of complaint regarding respondent's actions to the Commission on Lawyer Conduct. In response, the Commission sent respondent a letter, dated September 17, 1998, requesting a response within fifteen days. Respondent did not reply.

---

1. Respondent's license to practice law was suspended on May 4, 1999 by administrative action for failure to comply with continuing legal education requirements.

The Commission sent respondent another letter, dated October 13, 1998, requesting a response to the couple's complaint. The letter also reminded respondent that a failure to cooperate with a disciplinary authority could, in and of itself, be grounds for discipline. Respondent did not reply in a timely fashion.

However, on June 24, 1999, respondent replied to the Commission, enclosing a letter he had sent to the couple. In the enclosed letter, respondent informed them that he had closed his office, had not completed his work for them, was refunding their fees, and had enclosed the Summons and Complaint he had prepared along with proof of service. Respondent concluded with the suggestion that the couple seek other counsel. On August 24, 1999, the Commission sent respondent a Notice of Full Investigation regarding this and two other matters.

## *Matter 2*

Client retained respondent on or about February 20, 1997, to represent her in an divorce. Client paid respondent a cash fee in the amount of $800.00.

During the course of his representation, respondent failed to communicate in a timely fashion with Client and did not return Client's telephone calls or messages concerning the status of her case.

In an effort to locate respondent, Client sent two letters, dated June 10, 1998, and July 13, 1998, certified mail, return receipt requested. Both letters were received by respondent. Respondent did not reply to either letter.

After receiving a letter of complaint from Client, the Commission on Lawyer Conduct sent a letter, dated October 6, 1998, requesting a response within fifteen days. Respondent did not reply in a timely fashion.

However, on June 24, 1999, respondent replied to the Commission, enclosing a copy of a letter he had sent to Client. The letter informed Client that respondent had closed his office and had not completed the work for which he had been hired. Enclosed with the letter to Client was a refund of the fee of $800.

On August 24, 1999, the Commission sent respondent a Notice of Full Investigation regarding this matter, and required a response within thirty days. Respondent did not reply in a timely fashion.

## Matter 3

Respondent was retained by Client for a domestic matter. Client paid respondent a fee of $420.

Respondent failed to properly communicate with Client and keep her informed of the status of her case. Respondent did not inform Client that he had closed his office. Client learned respondent had closed his office by attempting to visit respondent at his former office. Respondent did not return Client's telephone calls or messages left for him.

Respondent's failure to notify Client of his actions resulted in her not being able to pursue the litigation in accordance with her interests. Client sent respondent a letter, dated September 17, 1998, advising him that she had been unable to reach him and requesting a response. Respondent did not respond.

In response to a letter from the Commission on Lawyer Conduct, on June 24, 1999, respondent sent the Commission a letter enclosing a copy of a letter respondent had sent to Client. The enclosed letter stated that respondent was returning his fee to Client along with her client file and informed her that, prior to closing his office, he had served her husband with a complaint. Respondent suggested to Client that she retain other counsel.

On August 24, 1999, the Commission sent respondent a Notice of Full Investigation regarding this matter, requiring a response in thirty days. Respondent did not reply to the Notice.

## Matter 4

Respondent was retained by Client sometime in August 1997 for a divorce. Client paid respondent a fee of $850. Respondent prepared and filed a Summons and Complaint for the divorce.

Thereafter, Client was unable to reach respondent, despite his many attempts to do so. Respondent's failure to keep Client informed precluded his making informed decisions regarding family court matters.

On September 23, 1998, the Commission on Lawyer Conduct sent respondent a Notice of Full Investigation regarding this matter, requiring a response within thirty days. Respondent did not reply in a timely fashion to the Notice. However, on June 24, 1999, respondent replied to the Commission, stating he had sent a full refund to Client along with his client file.

*Matter 5*

Respondent represented Defendant in a criminal matter in May of 1997. Defendant was convicted on or about May 22, 1997. By the time of his letter to the Commission on Lawyer Conduct in July 1998, Defendant was confined at Allendale Correctional Institution.

After his conviction, Defendant and his parents made numerous unsuccessful attempts to obtain the client file from respondent in order to deliver it to Defendant's new attorney in Mount Pleasant. Respondent closed his office without informing Defendant. His failure to communicate with Defendant unduly delayed the preparation of Defendant's post-conviction relief application.

Thereafter, on July 30, 1998, the Commission on Lawyer Conduct sent respondent a letter, requesting a response to Defendant's letter of July 1998, and reminding respondent that failure to cooperate with a disciplinary counsel could itself be a grounds for discipline. There was no response.

On September 3, 1998, the Commission sent a Notice of Full Investigation to respondent, requiring a response within thirty days. Respondent did not respond in a timely fashion. However, on or about June 24, 1999, respondent requested an extension of time in which to reply to the Notice of Full Investigation. Respondent's request was granted, and he received an extension until July 15, 1999.

Respondent replied by letter on July 14, 1999. Respondent stated that he had had the file copied and returned to Defendant.

## Conclusion

As a result of his conduct, respondent has violated the following provisions of the Rules of Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(violated a Rule of Professional Conduct), Rule 7(a)(3)(willfully violated a valid order of the Commission on Lawyer Conduct), Rule 7(a)(5)(engaged in conduct demonstrating an unfitness to practice law or bringing the legal profession into disrepute). Further, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (failed to abide by a client's decisions concerning the objectives of representation), Rule 1.3 (failed to act with reasonable diligence and promptness in the representation of a client), Rule 1.4 (failed to keep a client reasonably informed about the status of litigation and failed to promptly comply with reasonable requests for information), Rule 8.4(a)(violated the Rules of Professional Conduct), Rule 8.4(e)(engaged in conduct that was prejudicial to the administration of justice).

By his actions, respondent has brought the legal profession into disrepute and has forsaken the trust placed in him by the citizens of this State. Accordingly, respondent is hereby suspended for six months and one day for his conduct. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

DEFINITE SUSPENSION.